GARDEN, JUDGE:
At approximately 3:00 p.m. on May 14, 1979, the claimant, Joyce Porter, was operating her 1978 Ford pickup truck in a southerly *162 direction on W. Va. Route 10 near Dingess in Mingo County, West Virginia. Miss Porter, a dietician employed at the Logan General Hospital, was returning to her home in Dingess. At or near Dingess, Route 10 crosses 12 Pole Creek in the form of a narrow, wooden bridge which the claimant testified was too narrow to permit the passage of two cars traveling in opposite directions. According to the testimony of the claimant and her witnesses, Route 10 is the only, or at least the most direct, route from Logan to Dingess.
Apparently, a hole in the wooden deck of the bridge had developed over a period of several weeks prior to the accident, and on the date of the accident, the hole measured two feet in width and from one-half to two feet in length. The claimant testified that she was aware of the existence of this hole, since she crossed the subject bridge twice a day when going to and from her place of employment. She testified that, on her way to work on the day of the accident, she was able to cross the bridge by straddling the hole. On her return home that afternoon, she again attempted to straddle the hole, but apparently, as she attempted to do this, additional wooden planking adjacent to the existing hole collapsed, and the left front wheel of her truck dropped into the hole, causing substantial damage to the left front of her truck. Claimant testified that, while she had not personally complained of the existence of the hole, other people had notified respondent’s Huntington office prior to her accident. An estimate from Paul Cooke Ford, Inc., of Logan, was introduced into evidence, reflecting the cost of repair of the truck in the amount of $503.85. Included in the estimate were the cost and labor for the replacement of the rear bumper of the truck in the amount of $197.80. Seven photographs of the truck from various angles were introduced into evidence which showed the left front wheel submerged in the bridge deck. It is impossible for this Court to see how any damage could have been inflicted to the rear bumper of the truck.
The respondent offered no evidence in defense of this claim, and, in the Court’s opinion, the claimant has established by a preponderance of the evidence that the respondent knew or should have known of the existence of this hole, and was therefore guilty of negligence in failing to maintain the bridge in a reasonably safe condition. Respondent, in its Answer, asserted the defense of assumption of the risk, but, according to the evidence, there was no other reasonable route between Logan and Dingess. Therefore, the *163 Court is of the opinion that this defense is of no merit. Deducting from the repair estimate the labor and material relating to the rear bumper of claimant’s truck, the Court hereby makes an award in favor of the claimant in the amount of $306.05.
Award of $306.05.